OPINION OF THE COURT

Per Curiam.

Section 366 (subd 1, par [a], cl [5]) of the Social Services Law requires that "Medical assistance shall be given * * * to a person who requires such assistance and who * * * although not receiving nor in need of public assistance or care for his maintenance under other provisions of this chapter, has not, * * * sufficient income and resourses, including available support from responsible relatives, to meet all the costs of medical care and services available under this title, and is either (i) under the age of twenty-one years or over the age of sixty-four years.” Respondents admitted that the three infants who required medical care were without income or resources of their own, but nevertheless denied them assistance, contending that the available resources of the Child and Family *449 Service of Syracuse and Onondaga County, to whom the children had been surrendered, must be taken into account as available support. We are required to reject this contention.
While the care and custody of these three children had been surrendered to the Child and Family Service pursuant to written surrender instruments (Social Services Law, §§ 383, 384), the agency is still not a "responsible relative”. Its function is the more limited one of caring for the childrens’ needs only until adoption can be arranged. Given this limited contact with the children, the Service is not legally a relative within the contemplation of section 366, and its income and resources may not be considered by the Department of Social Services in computing eligibility for medical assistance.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion.
Judgment affirmed.